# United States Court of Appeals
# for the Sixth Circuit
## CASE NO. 24-3404

HUNTER DOSTER; JASON ANDERSON; MCKENNA COLANTANIO; PAUL CLEMENT; JOE DILLS; BENJAMIN LEIBY; BRETT MARTIN; CONNOR MCCORMICK; HEIDI MOSHER; PETER NORRIS; PATRICK POTTINGER; ALEX RAMSPERGER; BENJAMIN RINALDI; DOUGLAS RUYLE; CHRISTOPHER SCHULDES; EDWARD STAPANON, III; ADAM THERIAULT; DANIEL REINEKE, *on behalf of themselves and others similarly situated*,

                 *Plaintiffs – Appellants*,

v.

HON. FRANK KENDALL, III, In his official capacity as Secretary of the Air Force; LT. GENERAL ROBERT I. MILLER, In his official capacity as Surgeon General of the Air Force; LT. GENERAL BRIAN S. ROBINSON, In his official capacity as Commander, Air Education and Training Command; LT.GENERAL JOHN P. HEALY, In his official capacity as Commander, Air Force Reserve Command; LT. GENERAL TONY D. BAUERNFEIND, In his official capacity as Commander, Air Force Special Operations Command; UNITED STATES OF AMERICA,

           *Defendants – Appellees*.

---

Appeal from the U.S. District Court, Southern District of Ohio, 1:22-cv-00084

---

### PLAINTIFFS/APPELLANTS' REPLY BRIEF

---

Christopher Wiest (OH 00777931)
Chris Wiest, Atty at Law, PLLC
50 E. Rivercenter Blvd, Ste. 1280
Covington, KY 41011
Tel: 513/257-1895
chris@cwiestlaw.com

Thomas B. Bruns (OH 0051212)
Bruns Connell Vollmar & Armstrong
4555 Lake Forrest Drive, Suite 330
Cincinnati, Ohio 45242
Tel.: 513/312-9890
tbruns@bcvalaw.com

Aaron Siri
Elizabeth A. Brehm
Wendy Cox
SIRI & GLIMSTAD LLP

745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: 888/747-4529
aaron@sirillp.com
ebrehm@sirillp.com
wcox@sirillp.com

*Attorneys for Plaintiffs/Appellants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ............................................................................ 1

STANDARD OF REVIEW ................................................................ 1

ARGUMENT.................................................................................. 2

I.  THE CASE IS NOT MOOT BECAUSE NOT ALL OF THE HARM
    SUFFERED BY PLAINTIFFS WAS REMEDIED ............................... 2

II. SOVEREIGN IMMUNITY DOES NOT APPLY TO CLAIMS
    FOR BACK PAY AND RETIRMEENT POINTS, WHICH ARE
    EQUITABLE RELIEF............................................................. 7

III. THE DISTRICT COURT'S ERRONEOUS DETERMINATION
     THAT THE ISSUES OF BACK PAY AND POINTS WERE NOT
     PROPERLY RAISED IGNORES THE RECORD IN THIS CASE
     AND MISSTATES APPLICABLE FEDERAL LAW ......................... 19

IV. DEFENDANTS' ACTIONS IN SUCCESSFULLY OPPOSING
    RESTORATION TO RESERVE DUTY IN PRELIMINARY
    INJUNCTIVE RELIEF ON THE BASIS THAT BACK PAY AND
    RETIREMENT POINTS COULD BE AWARDED IN FINAL
    JUDGMENT TRIGGERED JUDICIAL ESTOPPEL ......................... 20

CONCLUSION .............................................................................. 27

CERTIFICATE OF SERVICE............................................................ 28

CERTIFICATE OF COMPLIANCE.................................................... 28

# TABLE OF AUTHORITIES

## Cases

*Albemarle  Co. v. Moody*,
　422 U.S. 405 (1975) ........................................................... 6

*Akers v. McGinnis*,
　352 F.3d 1030 (6th Cir. 2003) ......................................... 3

*Alexander v. Aero Lodge No. 735, Int'l Ass'n of Machinists and*
　*Aerospace Workers, AFL-CIO*,
　565 F.2d 1364 (6th Cir. 1977) ......................................... 6

*Allison v. Citgo Petroleum Corp.*,
　151 F.3d 402 (5th Cir. 1998) ........................................... 6

*Audio Technica U.S., Inc. v. United States*,
　963 F.3d 569 (6th Cir. 2020) ......................................... 21

*Ayala v. United States*,
　624 F. Supp. 259 (S.D.N.Y. 1985) .................................... 8

*Banks v. Burkich*,
　788 F.2d 1161 (6th Cir. 1986) ....................................... 17

*Barnick v. United States*,
　591 F.3d 1372 (Fed. Cir. 2010) ....................................... 7

*Bell v. Hood*,
　327 U.S. 678 (1946) ......................................................... 6

*Borst v. Chevron Corp.*,
　36 F.3d 1308 (5th Cir. 1994) ............................... 5, 8, 18

*Bowen v. Massachusetts*,
　487 U.S. 879 (1998) ............................... 9, 15, 16, 17

*Browning v. Levy*,
　283 F.3d 761 (6th Cir. 2002) ......................................... 20

*Chafin v. Chafin*,
    568 U. S. 165 (2013) ................................................................. 1

*Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*,
    494 U.S. 558 (1990) ............................................................5, 8, 18

*Chen v. Allstate Ins. Co.*,
    819 F.3d 1136 (9th Cir. 2016) .................................................. 3

*Chilcott v. Orr*,
    747 F.2d 29 (1st Cir. 1984) ...................................................... 22

*Church v. Biden*,
    573 F. Supp. 3d 118 (D.D.C. 2021) .......................................... 23

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011) .................................................................. 7

*Cimerman v. Cook*,
    561 Fed. Appx. 447 (6th Cir. 2014) ......................................5, 18

*City of Cleveland v. Ohio*,
    508 F.3d 827 (6th Cir. 2007) ................................................... 25

*Coleman v. GMAC*,
    296 F.3d 443 (6th Cir. 2002) ................................................... 6

*Crugher v. Prelesnik*,
    761 F.3d 610 (6th Cir. 2014) ...............................................5, 18

*DeMarco v. Ohio Decorative Prods., Inc.*,
    19 F.3d 1432 (6th Cir. 1994) ................................................... 26

*Demis v. Sniezek*,
    558 F.3d 508 (6th Cir. 2009) ................................................... 1

*DeVargas v. Mason & Hanger-Silas Mason Co.*,
    911 F.2d 1377 (10th Cir. 1990) (dicta), cert. denied, 112 L. Ed. 2d 860,
    111 S. Ct. 799 (1991) .............................................................. 9

*Dilley v. Alexander*,
  627 F.2d 407, 200 U.S. App. D.C. 354 (D.C. Cir. 1980) .................................... 7

*Doster v. Kendall*,
  596 F. Supp. 3d 995 (S.D. Ohio 2022)........................................................10, 23

*Doster v. Kendall*,
  48 F.4th 608 (6th Cir. 2022) .........................................................................7, 19

*Downie v. Independent Drivers Ass'n Pension Plan*,
  934 F.2d 1168 (10th Cir. 1991) ......................................................................... 7

*Edwards v. Aetna Life Ins. Co.*,
  690 F.2d 595 (6th Cir. 1982) .......................................................................... 21

*Firefighters Local Union No. 1784 v. Stotts*,
  467 U.S. 561 (1984) .......................................................................................... 3

*Foster v. Barilow*,
  6 F.3d at 405 (6th Cir. 1993) .......................................................................... 25

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U. S. 167 (2000) ......................................................................................... 1

*Fuhr v. Sch. Dist. of Hazel Park*,
  364 F.3d 753 (6th Cir. 2004) .......................................................................... 17

*Gleason v. Malcom*,
  718 F.2d 1044 (11th Cir. 1983) ........................................................................ 9

*Guitard v. U.S. Sec'y of Navy*,
  967 F.2d 737 (2d Cir. 1992) ........................................................................... 22

*Haines v. Fed. Motor Carrier Safety Admin.*,
  814 F.3d 417 (6th Cir. 2016) .....................................................................14, 15

*Harkless v. Sweeny Independent School Dist.*,
  427 F.2d 319 (5th Cir. 1979) .......................................................................5, 18

*Hartikka v. United States*,
754 F.2d 1516 (9th Cir. 1985) ........................................................... 22

*Howe v. City of Akron*,
801 F.3d 718 (6th Cir. 2015) ............................................................. 6

*Hubbard v. Administrator*,
EPA, 982 F.2d 531 (D.C. Cir. 1992)........................................8, 9, 13

*Hughey v. United States*,
495 U.S. 411 (1990) ......................................................................... 14

*Hunter v. Underwood*,
471 U.S. 222 (1985) ........................................................................... 2

*In re Allied Supermarkets, Inc.*,
951 F.2d 718 (6th Cir. 1991) ........................................................... 25

*Kendall v. Doster*,
144 S. Ct. 481 (2023) ......................................................................... 1

*Kentucky v. Biden*,
57 F.4th 545 (6th Cir. 2023) ............................................................ 23

*Knox v. SEIU, Local 1000*,
567 U.S. 298 (2012) ........................................................................... 1

*Kolstad v. ADA*,
527 U.S. 526 (1999) .......................................................................5, 18

*Ky. v. Biden*,
23 F.4th 585 (6th Cir. 2022) ............................................................ 23

*Larson* v. *Domestic & Foreign Commerce Corp.*,
337 U.S. 682 (1949) ......................................................................... 15

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014) ........................................................................... 4

*Miss. State Chapter, Operation Push, Inc. v. Mabus*,
  932 F.2d 400 (5th Cir. 1991) ............................................................ 2

*N.C. State Conference of NAACP v. McCrory*,
  831 F.3d 204 (4th Cir. 2016) ............................................................ 2

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) .................................................... 20, 21, 22, 26

*Nixon v. United States*,
  290 U.S. App. D.C. 420, 938 F.2d 239 (D.C. Cir. 1991) ................... 9

*Ohio v. United States EPA*,
  969 F.3d 306 (6th Cir. 2020) ............................................................ 2

*Oppenheim v. Campbell*,
  571 F.2d 660 (D.C. Cir. 1978) ......................................................... 7

*Palmer v. United States*,
  168 F.3d 1310 (Fed. Cir. 1999) ...................................................... 12

*Pegram v. Herdrich*,
  530 U.S. 211, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000) ............... 21

*Pembaur v. City of Cincinnati*,
  882 F.2d 1101 (6th Cir. 1989) .................................................... 13, 14

*Pinney Dock and Transp. Co. v. Penn Central Corp.*,
  838 F.2d 1445 (6th Cir. 1988) ........................................................ 25

*Porter v. Warner Holding Co.*,
  328 U.S. 395 (1946) .................................................................... 5, 18

*Ramsek v. Beshear*,
  989 F.3d 494 (6th Cir. 2021) ............................................................ 2

*Reeb v. Ohio Dep't of Rehab. & Corr., Belmont Corr. Inst.*,
  435 F.3d 639 (6th Cir. 2006) ............................................................ 6

*Schelske v. Austin*,
2023 U.S. Dist. LEXIS 163101 (N.D. Tex. 2023)......................................*passim*

*School Committee of Burlington* v. *Department of Education of Massachusetts*,
471 U.S. 359 (1985) ........................................................................ 15

*Sibron v. New York*,
392 U.S. 40 (1968) .......................................................................... 2

*Singleton v. Wulff*,
428 U.S. 106 (1976) ........................................................................ 25

*Sosa v. Secretary, Dept. of Defense*,
47 F. Appx. 350 (6th Cir. 2002)...................................................... 16

*Sosna v. Iowa*,
419 U.S. 393 (1975) ........................................................................ 1

*Tangwall v. Looby*,
109 F. App'x 12 (6th Cir. 2004)...................................................... 26

*Tanzin v. Tanvir*,
592 U.S. 43 (2020) .......................................................................... 12

*Teledyne Indus., Inc. v. NLRB*,
911 F.2d 1214 (6th Cir. 1990) ....................................................20, 21

*Tull v. United States*,
481 U.S. 412 (1987) ...................................................................5, 8, 18

*Turker v. Ohio Dep't of Rehabilitation & Corrections*,
157 F.3d 453 (6th Cir. 1998) .......................................................6, 19

*Ulmet v. United States*,
888 F.2d 1028 (4th Cir. 1989) ........................................................ 9

*United States v. Concentrated Phosphate Export Assn.*,
393 U.S. 199, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968)........................ 1

*United States v. Lively*,
   20 F.3d 193 (6th Cir. 1989) ...................................................... 14

*United States v. Ninety-Three (93) Firearms*,
   330 F.3d 414 (6th Cir. 2003) ................................................... 25

*United States v. Universal Mgmt. Servs.*,
   191 F.3d 750 (6th Cir. 1999) ................................................... 20

*United States v. W. T. Grant Co.*,
   345 U.S. 629 (1953) ................................................................ 7

*Univ. of Tex. v. Camenisch*,
   451 U.S. 390 (1981) ................................................................ 2

*U.S. Navy Seals 1-26 v. Biden*,
   27 F.4th 336 (5th Cir. 2021) .................................................... 4

*Valentine-Johnson v. Roche*,
   386 F.3d 800 (6th Cir. 2004) ..........................................21, 22, 24

*Veda, Inc. v. Department of the Air Force*,
   111 F.3d 37 (6th Cir. 1997) ..................................................... 16

*Wenrich v. Empowered Mgmt. Sols. LLC*,
   2019 U.S. Dist. LEXIS 130041 (D. Co. 2019) ......................... 9

*West v. Gibson*,
   527 U.S. 212, 119 S. Ct. 1906 (1999) ..............................5, 18

*Wooten v. Housing Authority of Dallas*,
   723 F.2d 390 (5th Cir. 1983) ................................................... 3

## **Statutes**

10 U.S.C. § 10147 ......................................................................11

37 U.S.C. § 204(a)(2) ..................................................................11

37 U.S.C. § 206(a)(1) ..................................................................11

37 U.S.C. § 206(a)(2) ............................................................................11, 12

42 U.S.C. § 1983 ........................................................................................ 13

Fed. R. Civ. P. 54(c) ...............................................................................20

Fed. R. Civ. P. 23(b)(2) .......................................................................... 6

42 U.S.C. §2000bb-42 U.S.C. §2000bb-4
    Religious Freedom Restoration Act of 1993 ("RFRA") .............................*passim*

28 U.S.C. § 1346(a)(2)
    Tucker Act....................................................................................16, 17

## INTRODUCTION

The district court erred in dismissing the case on grounds of mootness because unremedied harm remains.

## STANDARD OF REVIEW

This court reviews jurisdictional issues, such as mootness determinations, *de novo*. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). The "heavy burden of persua[ding]" the Court that this matter is moot lies with Defendants, not with Plaintiffs. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U. S. 167, 189 (2000)*, quoting United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968). And "a case becomes moot only when it is **impossible** for a court to grant **any** effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U. S. 165, 172 (2013) (emphasis added). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* If there is any additional relief that can be awarded, however small, a case is not moot. *See Knox v. SEIU, Local 1000*, 567 U.S. 298, 307-308 (2012); *Chafin*, 568 U. S. 165, 172. Where a class has been certified, as here, a case is only moot where no class members have remaining relief that can be awarded. *Sosna v. Iowa*, 419 U.S. 393 (1975).

To the extent that Defendants argue that the Supreme Court's action in *Kendall v. Doster,* 144 S. Ct. 481 (2023) directing a mootness vacatur on the

preliminary injunction is somehow controlling, mootness regarding a preliminary injunction does not establish mootness involving the case. *Ramsek v. Beshear*, 989 F.3d 494, 500 (6th Cir. 2021);*Ohio v. United States EPA*, 969 F.3d 306, 309-310 (6th Cir. 2020);*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394-95 (1981).

## ARGUMENT

### I.  THE CASE IS NOT MOOT BECAUSE NOT ALL OF THE HARM SUFFERED BY PLAINTIFFS WAS REMEDIED

Defendants begin their brief and do not claim all the remaining harm identified by Plaintiffs has been remedied and suggest that because the challenged policy has been repealed, the case must be moot. It is well-settled that new legislation does not *ipso facto* eliminate the discriminatory intent behind older legislation, nor does it moot a dispute regarding the violation of law. *See Hunter v. Underwood*, 471 U.S. 222, 232-33 (1985) (events over 80 years to change the terms of the law do not eliminate its original discriminatory intent); *Miss. State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 408-09 (5th Cir. 1991); *N. C. State Conference of NAACP v. McCrory*, 831 F.3d 204, 240 (4th Cir. 2016).

Under the "collateral consequences" exception to mootness, even when the plaintiff's primary injury has ceased, the case is not moot if there remains other harm the court is capable of remedying. *See Sibron v. New York*, 392 U.S. 40, 53-59 (1968). And a continuing collateral consequence is one that provides the plaintiff with a "concrete interest" in the case and for which "effective relief" is available.

*Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 571 (1984); *see also Akers v. McGinnis*, 352 F.3d 1030 (6th Cir. 2003) (because additional corrective relief could be awarded, and the amendment/rescission did not completely eradicate the harm associated with the contested policies, the case was not moot).

Only the act of fully remedying all harm can moot a case, and it is undisputed that this relief has not occurred here. *See Wooten v. Housing Authority of Dallas*, 723 F.2d 390, 392 (5th Cir. 1983) (explaining that only receipt of "all of the relief sought" will moot the case); *see also Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1138 (9th Cir. 2016) (noting that a claim becomes moot when a plaintiff actually receives complete relief).

For that reason, the cases cited by Defendants at pp. 15-17 of their brief are distinguishable. Those cases only challenged the vaccination requirement and did not seek corrective action in the form of restoration of lost back pay and points for reservists, which Plaintiffs here have sought from the outset.

The declarations of SRA Dills and SMSgt Schuldes reveal that they (and reservist members of the class) lost retirement points and drill pay in 2022 which have not been restored to them and, without a Court order, will never be restored to them. [Dec. Schuldes, Doc. 125-1, PageID#5980-5981; Dec. Dills, Doc. 125-2, PageID#5982-5984.]

3

In an attempt to refute Plaintiffs' position on this issue, Defendants mischaracterize the relief at issue (a restoration of lost back pay and retirement points) as "damages." (Brief, R. 20 at pp. 16-20). And from that false premise, Defendants then proceed to raise a bevy of red herring arguments (that "damages" were not sought in the complaint, that Plaintiffs seek damages against military officials in their official capacities, etc.). Defendants are wrong as a matter of undisputed fact and law. This matter involves claims for back pay and retirement points, and those claims are justiciable as a matter of equitable relief and are within the authority of federal courts to award. *See U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2021); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014); *Schelske v. Austin*, 2023 U.S. Dist. LEXIS 163101 (N.D. Tex. 2023).

In *Schelske*, a separated soldier who applied for and was denied a religious accommodation to the COVID-19 vaccine mandate sued and sought equitable relief to include reinstatement and back pay. 2023 U.S. Dist. LEXIS 163101. After the challenged policy was repealed, and despite corrective actions taken by the Secretaries of the Army and Defense materially similar to those taken by the Secretary of the Air Force here, the soldier did not receive the equitable relief he sought.

In addressing the mootness issue in that case, the *Schelske* Court determined that claims for back pay and retirement points were merely to restore that plaintiff to the position he held prior to the Army defendants' illegal action, those claims were equitable and justiciable. *Id.* at *105-*111. The plaintiff in *Schelske* was not in any duty status after involuntary separation, and he did not perform any military duties. The facts of *Schelske* are the facts here.

Once again, the equitable relief sought to remedy the remaining harm here is justiciable because the restoration of lost drill pay and retirement points, withheld in 2022, is restitutionary and equitable in nature. *Id.,* citing *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) and *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570 (1990). The equitable remedy "is limited to 'restoring the *status quo* and ordering the return of that which rightfully belongs'" to the plaintiff. *Id.*, citing *Tull v. United States*, 481 U.S. 412, 424 (1987); *Porter v. Warner Holding Co.*, 328 U.S. 395, 402 (1946). *See also Harkless v. Sweeny Independent School Dist.*, 427 F.2d 319 (5th Cir. 1979).

Because back pay is equitable rather than legal relief, this Court can order such relief. *See Kolstad v. ADA*, 527 U.S. 526 (1999); *West v. Gibson*, 527 U.S. 212, 119 S. Ct. 1906 (1999); *Schelske*, 2023 U.S. Dist. LEXIS 163101. The remedy of restoration of back pay and retirement points, which is equitable in nature, runs to the official capacity of Defendants who improperly took all Reservist Plaintiffs off

5

of pay and points status, and it is entirely within the purview of this Court to grant. *See Crugher v. Prelesnik*, 761 F.3d 610 (6th Cir. 2014); *Cimerman v. Cook*, 561 Fed. Appx. 447 (6th Cir. 2014); *Turker v. Ohio Dep't of Rehabilitation & Corrections*, 157 F.3d 453, 459 (6th Cir. 1998) ("reinstatement [is] … prospective equitable relief").

"[W]here federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." *Bell v. Hood*, 327 U.S. 678, 684 (1946). And back pay is an equitable remedy distinct from damages. *See Albemarle Co. v. Moody*, 422 U.S. 405 (1975); *Howe v. City of Akron*, 801 F.3d 718, 744 (6th Cir. 2015) (explaining that back pay is an equitable remedy, part and parcel with eradicating the effects of discrimination).

In fact, not only is back pay an equitable remedy, but this Court has also held that back pay class actions are appropriate as equity class actions pursuant to Fed. R. Civ. P. 23(b)(2). *See Reeb v. Ohio Dep't of Rehab. & Corr., Belmont Corr. Inst.*, 435 F.3d 639, 649-650 (6th Cir. 2006); *Alexander v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 565 F.2d 1364, 1372 (6th Cir. 1977) ("A request for back pay does not preclude certification under [23(b)(2)]."); *Coleman v. GMAC*, 296 F.3d 443, 450 (6th Cir. 2002) (back pay is an equitable

remedy); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998) (same).

In any event, even *if* back pay cannot be awarded (as noted above, it can), retirement credit and points plainly can be awarded as a matter of equity because RFRA affords "appropriate relief." 42 U.S.C. § 2000bb-1(c). Retirement credit has long been determined by courts to be equitable relief. *See Downie v. Independent Drivers Ass'n Pension Plan*, 934 F.2d 1168 (10th Cir. 1991); *Oppenheim v. Campbell*, 571 F.2d 660, 661-663 (D.C. Cir. 1978) (retirement credit is equitable relief); *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011) (explaining wide-ranging equitable relief available for similar "appropriate" remedy statute).

## II.    SOVEREIGN IMMUNITY DOES NOT APPLY TO CLAIMS FOR BACK PAY AND RETIREMENT POINTS, WHICH ARE EQUITABLE RELIEF.

This equitable relief of back pay and retirement points, under the constructive service doctrine, should "return successful plaintiffs to the position that they would have occupied 'but for' their illegal release from duty." *Barnick v. United States*, 591 F.3d 1372, 1379 (Fed. Cir. 2010) (quoting *Dilley v. Alexander*, 627 F.2d 407, 413, 200 U.S. App. D.C. 354 (D.C. Cir. 1980)).

Moreover, "the court's power to grant injunctive relief survives discontinuance of the illegal conduct." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). Ultimately, this is nothing more or less than the "root and branch"

7

relief envisioned as part of a final remedy by this Court in *Doster v. Kendall*, 48 F.4th 608, 615 (6th Cir. 2022).

In response to the District Court's request for briefing on mootness, and despite not raising it in their Answer, Defendants argued below that the requested equitable relief was foreclosed due to sovereign immunity. Defendants are wrong as a matter of law. *See Ayala v. United States*, 624 F. Supp. 259 (S.D.N.Y. 1985) (explaining that a claim for wrongful or illegal transfer to the individual ready reserves was stated, including for back pay, but because the amount of back pay exceeded $10,000, jurisdiction had to lie in the Court of Claims).

As the court in *Schelske* explained, Congress waived sovereign immunity for equitable claims, which extends to back pay and retirement points. *Schelske*, 2023 U.S. Dist. LEXIS 163101 at *105-*106, citing *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994), *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570 (1990), and *Tull v. United States*, 481 U.S. 412, 424 (1987). The *Schelske* court also explained that, because of the nature of a RFRA claim, with "appropriate relief," equitable relief could be had that included back pay. 2023 U.S. Dist. LEXIS 163101. So too here.

Other federal courts are in accord that sovereign immunity does not apply to claims for back pay, whether under RFRA or any other applicable statutory scheme, because the nature of back pay claims is equitable relief. *See Hubbard v.*

*Administrator*, EPA, 982 F.2d 531, 547-548 (D.C. Cir. 1992). The *Hubbard* Court explained that where a plaintiff is illegally denied a job or its emoluments, restitutionary relief applies, and thus, an "award of instatement and back pay gives Hubbard the precise thing to which he was entitled and therefore constitutes specific restitution." *Id.* "Although such an award involves money, that alone does not take it outside equity." *Id.*

*Hubbard*, in turn, cited *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1998), for the proposition that, in certain circumstances, sovereign immunity does not bar claims that involve money. The Supreme Court in *Bowen* explained that it was "an equitable action for specific relief" when a government employee sought "an order providing for the reinstatement of an employee with backpay, or for 'the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions.'" *Id; see also Ulmet v. United States*, 888 F.2d 1028, 1030-31 (4th Cir. 1989) (finding jurisdiction in the district court to award back pay, although sanctioning its decision to defer to the Claims Court); *DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d 1377, 1381 (10th Cir. 1990) (dicta), cert. denied, 112 L. Ed. 2d 860, 111 S. Ct. 799 (1991); *Gleason v. Malcom*, 718 F.2d 1044, 1048 (11th Cir. 1983) (in rejecting a First Amendment damages claim, the court wrote: "As a federal employee, she could have sought equitable relief, i.e., reinstatement and back pay, pursuant to the Administrative Procedure Act"); *Nixon*

9

*v. United States*, 290 U.S. App. D.C. 420, 938 F.2d 239, 251 n.4 (D.C. Cir. 1991).

Other Courts are in agreement. *See Wenrich v. Empowered Mgmt. Sols. LLC*, 2019

U.S. Dist. LEXIS 130041 (D. Co. 2019) (explaining back pay claims against the

Army were equitable claims not barred by sovereign immunity).

Defendants also suggest that the course of proceedings below somehow

negated the remaining, unremedied equitable claims. (Brief, R. 20, at 16-18). That

is a particularly curious position to take, given that Plaintiffs specifically sought

restoration of reservist pay and retirement points in their first preliminary injunction

motion (Motion, Doc. 13, PageID#579, 584, Doc. 13-6, PageID#814-816),

Defendants opposed that relief in their Opposition and argued that the requested

relief was fully available as equitable relief in final judgment (Opposition to PI, Doc.

25, PageID#1025), and the District Court adopted Defendants' position that such

relief could be awarded as an equitable remedy in final judgment. *See Doster v.

Kendall*, 596 F. Supp. 3d 995, 1019-1020 (S.D. Ohio 2022). And without question,

all of that requested relief was consistent with the allegations and wide-ranging

injunctive relief requested in the complaint. (Ver. Compl., Doc. 1 at ¶¶ 20, 47, 59,

70, 75).

Defendants' arguments, at pages 16-20, that somehow the equitable relief was

not raised below, or was an unpleaded and unrequested form of damages, is plainly

contradicted by the record below.

10

Defendants argue that because they illegally transferred and punished the reservist Plaintiffs by forbidding them to attend drills, Plaintiffs cannot have lost pay and retirement points equitably restored to them. (Brief, Doc. 20 at 20-25). For their proposition, Defendants point to general statutes governing the reserves.

However, there are several problems with Defendants' arguments: first, 10 U.S.C. § 10147, which has drill requirements; and second, 37 U.S.C. § 204(a)(2) and 37 U.S.C. § 206(a)(1), which generally provide that reservists are entitled to pay and allowances. Defendants ignore that 37 U.S.C. § 206(a)(2) allows pay and points for "such other equivalent training, instruction, duty, or appropriate duties, as the Secretary may prescribe." Plaintiffs were ready, willing, and able to perform their duties, and the Secretary concerned, assigned them "other equivalent … duty," namely assignment to the individual ready reserves. That is because the Secretary violated RFRA and prescribed that their duties be in the Individual Ready Reserve – and thus RFRA and 37 U.S.C. § 206(a)(2) provides a pathway to backpay. Said another way, 37 U.S.C. § 206(a)(2) allows discretion to award pay and points and lies with the Secretary, just as RFRA gives this same authority to the Courts.

Curiously, Defendants do not squarely address that Congress created a remedy for religious discrimination – RFRA – at 42 U.S.C. 2000bb, et seq., whose purpose was to "to provide a claim or defense to persons whose religious exercise is substantially burdened by government," 42 U.S.C. 2000bb(b)(2), and which gave

11

such persons the right to "obtain appropriate relief against a government." 42 U.S.C. 2000bb-1(c). Instead, Defendants conflate this "appropriate relief" with "damages" against military officials in their official capacities, which simply is another red herring as it is not what Plaintiffs seek here. Rather, Plaintiffs seek an equitable remedy to make them whole following Defendants' illegal actions.

Said another way: the general rule (and ignoring the discretion allowed to the Secretary under 37 U.S.C. § 206(a)(2)) that reservists cannot be given pay and allowances or retirement points for drills they do not attend cannot be a limitation on relief available under RFRA, which plainly permits wide-ranging "appropriate relief," including the equitable relief sought here. 42 U.S.C. 2000bb-1(c).

Defendants primarily rely upon *Palmer v. United States*, 168 F.3d 1310, 1315 (Fed. Cir. 1999) (and cases that cite *Palmer*), where the Federal Circuit made clear that back pay may not be available for reservists under the Military Pay Act but would be available in instances where Congress "provide[d] a separate basis for relief … independent of a money-mandated claim." *Id.* Well, RFRA is just that sort of "separate basis for relief … independent of a money-mandated claim." Again, RFRA provides for "appropriate relief against a government." 42 U.S.C. 2000bb-1(c). And the Supreme Court has explained that "appropriate relief" is "open-ended" on its face, and "inherently context dependent." *Tanzin v. Tanvir*, 592 U.S. 43, 49

12

(2020). And the context here for appropriate relief is to permit equitable restitution of back pay and retirement points.

Defendants next spend multiple pages arguing that under RFRA, money damages are not available against the Government. (Brief, R. 25-31). Once again, Plaintiffs do not seek money damages – they are not making claims for emotional distress – but rather, they seek equitable restitution of lost back pay and points. Defendants never address in their briefing the fact that such relief is equitable in nature – and is not a damages claim.

Defendants ineffectively attempt to distinguish *Hubbard*, 982 F.2d 531, 538, and ignore that portion of the decision that observed that restitution is available where the person seeking it "met all the pre-existing legal obligations to receive a cash entitlement from the government, at the time they were denied it." That is the case here for Plaintiffs. The *Hubbard* Court also observed that relief was equitable and restitutionary "if it gives the plaintiff the specific thing to which he was originally entitled." *Id.* However, the *Hubbard* Court pointed out that (unlike Plaintiffs here) that the plaintiff "had never worked for the EPA and thus was not entitled to any pay." *Id.* at 533. Here, of course, Defendants violated RFRA by involuntarily removing the reservist Plaintiffs from their positions – it was not, as was the case in *Hubbard*, a denial of a position.

13

Defendants cite *Pembaur v. City of Cincinnati*, 882 F.2d 1101, 1104 (6th Cir. 1989), a case involving money damage claims under 42 U.S.C. § 1983, including for lost wages. In *Pembaur*, and unlike here, the government did not employ the physician who sued for a violation of the Fourth Amendment, and there was no request to restore the physician, from a lost pay and retirement standpoint, back to the position he would have been in but-for that defendant's violation of law. Thus, *Pembaur* is totally inapposite.

Defendants also cite to *United States v. Lively*, 20 F.3d 193, 202 (6th Cir. 1989), and misleadingly suggest that it stands for the proposition that restitution has to merely restore the party to the position they were in prior to filing suit. Defendants invent the status quo position of prior to filing suit, as those words are not contained in Lively. However, what was at issue in *Lively* was restoring the person to the position they were in prior to that defendant's *violation of law*. This sleight of hand by Defendants makes a difference: here, the position of the reservist Plaintiffs before Defendants' illegal actions was that they were in an active reserve status and position, performing drills and accruing pay and points, which was not the position the reservist Plaintiffs were in immediately before filing their claim. *Hughey v. United States*, 495 U.S. 411, 416 (1990) makes the same point: that restitution is "measured before a particular event." But the event here is Defendants' violation of RFRA– not Plaintiffs' filing suit over their involuntary transfer to the IRR.

14

Moreover, Defendants' reliance on *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 426 (6th Cir. 2016) does not assist them, but instead supports Plaintiffs. That is because *Haines* made clear "that specific remedies 'are not substitute remedies at all, but attempts to give the plaintiff the very thing to which he was entitled.'" Of course, *Haines* specifically cited to *Bowen v. Massachusetts*, 487 U.S. 879, 893-894 (1988), which made clear that:

> Our cases have long recognized the distinction between an action at law for damages – which are intended to provide a victim with monetary compensation for an injury to his person, property, or reputation – and an equitable action for specific relief – which may include an order providing for the reinstatement of an employee with backpay, or for "the recovery of specific property *or monies*, ejectment from land, or injunction either directing or restraining the defendant officer's actions." *Larson* v. *Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949) (emphasis added). The fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as "money damages." Thus, we have recognized that relief that orders a town to reimburse parents for educational costs that Congress intended the town to pay is not "damages":

> "Because Congress undoubtedly did not intend this result, we are confident that by empowering the court to grant 'appropriate' relief Congress meant to include retroactive reimbursement to parents as an available remedy in a proper case.

> In this Court, the Town repeatedly characterizes reimbursement as 'damages,' but that simply is not the case. Reimbursement merely requires the Town to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it

15

> developed a proper IEP. *School Committee of Burlington*
> v. *Department of Education of Massachusetts*, 471 U.S.
> 359, 370-371 (1985)."

*Bowen* is significant not only because it included the Supreme Court's view that reinstating an employee involved a payment of back pay, but also because it construed an "appropriate remedy" statute, similar to RFRA, to afford just that sort of equitable relief.

Defendants next turn to *Veda, Inc. v. Department of the Air Force*, 111 F.3d 37, 40-41 (6th Cir. 1997), but it supports Plaintiffs, not Defendants. *Veda* held that the request for equitable relief, even though it may result in restitution of moneys, was equitable and not damages. That was because "[a]lthough prevailing in this matter may provide Veda with payment for services at a future time, any money that Veda receives as a result of this action would not constitute 'money damages' for purposes of the Tucker Act." *Id.* at 40. Moreover, "[n]one of these options requires the Air Force to compensate Veda for any damage to Veda's property or reputation." *Id.* As in *Veda*, Plaintiffs here do not seek "damage to [their] property or reputation," but simply seek to be put back in the position they would have been in but for Defendants' violation of the law.

Defendants also attempt to rely upon *Sosa v. Secretary, Dept. of Defense*, 47 F. Appx. 350, 351 (6th Cir. 2002). *Sosa* involved a claim for declaratory relief brought in district court that actually was a disability claim for damages that

exceeded the Tucker Act threshold of $10,000. In short, *Sosa* was not a claim for reinstatement of an employee with backpay and retirement points.

Defendants falsely argue that the requested remedies, allegedly "belatedly requested" (as we have noted – that also is a blatant falsehood as these remedies were requested from the outset) are somehow "damages for loss sustained." (Brief, R. 20 at 29). However, *Bowen* makes clear that an order that "provid[es] for the reinstatement of an employee with backpay" is not a claim for damages but sounds in equity. 487 U.S. 879, 893-894.

Defendants next misleadingly argue that there is no reinstatement here because Plaintiffs were never "separated from the military, just temporarily assigned to the Individual Ready Reserve, [a position that did not draw pay or retirement points]." (Brief, R. 20, at 30-31). Defendants cite no case that holds that unlawful removal from an assignment cannot be remedied through equitable reinstatement – and, without question, RFRA envisions "appropriate relief" to include just that. 42 U.S.C. 2000bb-1(c). Regardless, Defendants' argument ignores the fact that this Court has found the equitable reinstatement remedy appropriate in analogous cases. *See Banks v. Burkich*, 788 F.2d 1161 (6th Cir. 1986) (finding restitution the presumptive equitable remedy in a retaliation case where the employee was not discharged but was instead transferred to a position that paid less); *Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 761 (6th Cir. 2004) (finding restitution the presumptive

equitable remedy in a situation of denial of a coaching position for employees who were still employed by the school).

Defendants attempt to distinguish *Schelske*, 2023 WL 5986462, by likening the denial of back pay and points to a denied promotion eligibility, but this reasoning fails because, unlike the soldiers in *Schelske* who were never promoted, the reservist Plaintiffs here had a pay and points reserve status prior to the illegal discrimination in violation of RFRA.

Once again, the remaining relief here is justiciable because the restoration of lost drill pay and lost retirement points, withheld in 2022, is restitutionary in nature. *Id.*; *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994); *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 570 (1990). The equitable remedy "is limited to 'restoring the *status quo* and ordering the return of that which rightfully belongs'" to the plaintiff. *Id.*, *citing Tull v. United States*, 481 U.S. 412, 424 (1987); *Porter v. Warner Holding Co.*, 328 U.S. 395, 402 (1946). *See also Harkless v. Sweeny Independent School Dist.*, 427 F.2d 319 (5th Cir. 1979).

Because back pay is equitable relief, such relief can be ordered such relief. *See Kolstad v. ADA*, 527 U.S. 526 (1999); *West v. Gibson*, 527 U.S. 212, 119 S. Ct. 1906 (1999); *Schelske*, 2023 U.S. Dist. LEXIS 163101. The remedy of restoration of back pay and retirement points, which is equitable in nature, runs to the official capacity of Defendants who improperly took all Reservist Plaintiffs off of pay and

18

points status, and it is entirely within the purview of this Court to grant. *See Crugher v. Prelesnik*, 761 F.3d 610 (6th Cir. 2014); *Cimerman v. Cook*, 561 Fed. Appx. 447 (6th Cir. 2014); *Turker v. Ohio Dep't of Rehabilitation & Corrections*, 157 F.3d 453, 459 (6th Cir. 1998) ("reinstatement [is] … prospective equitable relief"). Ultimately, this is nothing more or less than the "root and branch" relief envisioned as part of a final remedy by this Court in *Doster v. Kendall*, 48 F.4th 608, 615 (6th Cir. 2022).

## III.   THE DISTRICT COURT'S ERRONEOUS DETERMINATION THAT THE ISSUES OF BACK PAY AND POINTS WERE NOT PROPERLY RAISED IGNORES THE RECORD IN THIS CASE AND MISSTATES APPLICABLE FEDERAL LAW

The District Court erroneously determined that it could not reach the issues here because "retroactive" equitable relief was not sought in the Complaint. [Order, Doc. 127, PageID#5991-5994]. First, that is a too-narrow reading of the Complaint when one considers the broad relief sought. For SRA Dills and SMSgt Schuldes, the Complaint stated that each faced imminent transfer to the Individual Ready Reserve, loss of pay, and loss of retirement benefits. [Ver. Compl., Doc. 1 ¶¶ 17, 20, 47; PageID#5, 6, 12. The Complaint sought wide-ranging injunctive relief. *Id.* ¶¶ 70, 75; PageID#17-18.] And as noted above, the relief of reinstatement and restoration of back pay and points is prospective injunctive relief, not "retroactive" relief.

Second, it is clear that this type of relief was sought from the outset in this matter, including by way of Plaintiffs' preliminary injunction motion, and the fact that it was substantively addressed by Defendants in their Opposition to Plaintiffs'

motion. Without question, Defendants explicitly argued that such relief was available, though not in a preliminary injunction order but rather **in a final remedy**. [Motion, Doc. 13, at PageID#579, 584; Opposition to PI, Doc. 25, PageID#1025.]

Third, the District Court's legal conclusion misapplies the law and ignores the significance of notice pleading. Fed. R. Civ. P. 54(c) states that, except in default judgment cases, every "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). In fact, this rule has been invoked by none other than the Government itself to permit relief that was not explicitly pleaded for, restitutionary relief, the very relief that was pleaded for and was and is sought here. *See United States v. Universal Mgmt. Servs.*, 191 F.3d 750, 759, fn.7 (6th Cir. 1999).

## IV. DEFENDANTS' ACTIONS IN SUCCESSFULLY OPPOSING RESTORATION TO RESERVE DUTY IN PRELIMINARY INJUNCTIVE RELIEF ON THE BASIS THAT BACK PAY AND RETIREMENT POINTS COULD BE AWARDED IN FINAL JUDGMENT TRIGGERED JUDICIAL ESTOPPEL

As this Court has previously held, "the doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (*quoting Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)); see also *New Hampshire v. Maine*, 532 U.S.

742, 749 (2001) ("This rule, known as judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" (*quoting Pegram v. Herdrich*, 530 U.S. 211, 227 n.8, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000))). Additionally, the "under oath" requirement is met where a party previously asserted an inconsistent position in a written filing and argued the merits of that position before the court. *See Valentine-Johnson v. Roche*, 386 F.3d 800, 812 (6th Cir. 2004).

Judicial estoppel is intended "to protect the integrity of the judiciary by preventing a party from convincing two different courts of contradictory positions, which would mean that one of those two courts was deceived." *Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 575 (6th Cir. 2020). For this reason, courts apply judicial estoppel where "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *New Hampshire v. Maine*, 532, 750 U.S. (2001) (*quoting Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)); *accord Teledyne*, 911 F.2d at 1218.

Although all "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," the Supreme Court has provided the following factors for courts to

consider when applying the doctrine: (1) whether "a party's later position [is] clearly inconsistent with its earlier position;" (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. 742, 750-51 (internal quotations and citations omitted).

This is not the first time the Air Force has been judicially estopped from pursuing its bait and switch tactics. *Valentine-Johnson,* 386 F.3d 800, 812 ("In the interest of preventing the Air Force from 'abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment'…we conclude that judicial estoppel is applicable."). In an example of history repeating itself, Defendants, in opposing preliminary injunctive relief, argued below as follows:

> Second, **Plaintiffs appear to allege** that involuntary reassignment to the Individual Ready Reserve and loss of retirement constitutes irreparable harm. *See* Pls.' Mem. 2, 4, Doc. No. 13, PageID 579, 584. **But any such contention is meritless, as military administrative and disciplinary actions, including separation, are not irreparable injuries because the service member could later be reinstated and provided back pay if he prevailed on his claim**. *See*, e.g., *Hartikka v. United States*, 754 F.2d 1516, 1518 (9th Cir. 1985); *Chilcott v.*

> *Orr*, 747 F.2d 29, 34 (1st Cir. 1984); *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992); *Church*, 2021 WL 5179215, at *17.

[*See* Govt. Opposition to Preliminary Injunction, at Doc. 25, PageID#1025) (emphasis added).]

If it were true that Plaintiffs could not be provided back pay upon prevailing on their claims, that would be grounds for a finding of irreparable harm in February and March, 2022, at a time that would have prevented the very harm at issue now. *see Ky. v. Biden*, 23 F.4th 585, 611, fn.19 (6th Cir. 2022) (explaining that where immunity likely barred money damages, the losses would be irreparable); *Kentucky v. Biden*, 57 F.4th 545, 556 (6th Cir. 2023) ("immunity typically makes monetary losses like these irreparable"). However, that is not the case here as the Air Force stated that the requested relief was not irreparable at the time of requested preliminary injunction.

A preliminary injunction then issued in favor of Plaintiffs in March of 2022 that prevented any further adverse actions by Defendants. *Doster v. Kendall*, 596 F. Supp. 3d 995 (S.D. Ohio 2022). However, *because* Defendants argued, and the District Court accepted, that Plaintiffs were able to receive relief in the form of back pay and back retirement points **in a final judgment**, and thus that sort of harm was not irreparable, the preliminary injunction relief did not include restoration of lost pay and lost points. *Id.* at 1019-1020; Govt. Opposition to Preliminary Injunction, at

23

Doc. 25, PageID#1025. That requested relief was not irreparable according to the Air Force.

Just as in *Valentine-Johnson*, all the elements of judicial estoppel are met here. When determining mootness, Defendants should have been foreclosed from arguing (and the District Court foreclosed from accepting) that the District Court could not award the restoration of lost pay and lost points as part of final relief, particularly when Defendants explicitly argued the contrary position to prevent restoration to active reservists at the preliminary injunction stage. Without question, Defendants' earlier argument was adopted by the District Court and kept that Court from awarding this remaining requested relief when it granted Plaintiffs a preliminary injunction. This kind of bait-and-switch tactic is exactly what judicial estoppel is designed to prevent. And the District Court erred in permitting it.

Defendants argue forfeiture by failing to raise judicial estoppel below. Judicial estoppel was not explicitly raised below because the District Court did not permit Plaintiffs to respond to Defendants' filing on mootness. That is because the District Court merely directed the parties by notation order (having previously put on stay orders that would have prevented any supplemental briefing) to file simultaneously briefing on mootness on January 30, 2024:

> NOTATION ORDER: This matter is before the Court
> following the Supreme Court's December 11, 2023 Order
> (Doc. 121) and this Court vacating as moot the
> preliminary injunctions. (Doc. 123.) The stay on this case

is hereby LIFTED. The parties are ORDERED to provide
this Court with supplemental briefing concerning the
mootness of this case in its entirety following the
Supreme Court's order (Doc. 121). All briefing shall be
submitted by February 9, 2024.
IT IS SO ORDERED.
Signed by Judge Matthew W. McFarland on 01/30/2024.
(kaf) (Entered: 01/30/2024)

One cannot forfeit an argument when they do not even have a fair opportunity

to address it. *Singleton v. Wulff*, 428 U.S. 106 (1976).

Exceptions to forfeiture include preventing a miscarriage of justice. *See*

*United States v. Ninety-Three (93) Firearms*, 330 F.3d 414, 424 (6th Cir. 2003).

Second, while "the general rule is that an appellate court will not entertain an

argument based upon a theory not litigated below, an exception exists when a new

argument presents a question of pure law." *City of Cleveland v. Ohio*, 508 F.3d 827,

849 (6th Cir. 2007). And a related exception arises under *Pinney Dock and Transp.*

*Co. v. Penn Central Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988). The *Pinney Dock*

exception is most commonly applied where the issue is one of law, and further

development of the record is unnecessary." *Foster v. Barilow*, 6 F.3d at 405, 407

(6th Cir. 1993); s*ee also, e.g., In re Allied Supermarkets, Inc.*, 951 F.2d 718, 725-26

(6th Cir. 1991).

All of these exceptions are met here. First, judicial estoppel only raises issues

of law. And second, the primary purpose of judicial estoppel is to protect the

integrity of the courts and the test for it is co-extensive with a miscarriage of justice.

*See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (Judicial estoppel, which is intended to "protect the integrity of the judicial process" is particularly appropriate where a party succeeds in maintaining a position in litigation, and later assumes a contrary position just because their interests have changed, particularly if the party affected by the former position would suffer prejudice.)

To that end, this Court has indicated that it can consider a judicial estoppel claim *sua sponte* even without it being raised below. *See Tangwall v. Looby*, 109 F. App'x 12, 14-15 (6th Cir. 2004) (per curiam); *DeMarco v. Ohio Decorative Prods., Inc.*, 19 F.3d 1432 n.5 (6th Cir. 1994) (table) ("[E]ven had defendants not raised the argument on appeal, we could *sua sponte* consider whether judicial estoppel is appropriate under the facts presented.").

In like manner, Defendants' contention, that sovereign immunity cannot be overcome through judicial estoppel, has no application on these facts. That is because Defendants admitted below that equitable relief, in the form of restoring back pay and points to reservists, and as asked for via the complaint and a motion for preliminary injunction, was available in final judgment. The District Court agreed with that position and denied additional injunctive relief on that basis. Now Defendants reverse course and argue the opposite. Defendants are judicially estopped from now arguing that the requested relief is not equitable.

## CONCLUSION

The District Court erred as a matter of law in dismissing this matter on grounds of mootness. The case is not moot. The District Court's judgment should be reversed with instructions to proceed to adjudicate the remaining equitable claims in this case.

Dated: October 24, 2024                    Respectfully submitted,

*/s/Christopher D. Wiest*
Christopher Wiest (OH 00777931)      Thomas B. Bruns (OH 0051212)
Chris Wiest, Atty at Law, PLLC        Bruns Connell Vollmar & Armstrong
50 E. Rivercenter Blvd, Ste. 1280     4555 Lake Forrest Drive, Suite 330
Covington, KY 41011                   Cincinnati, Ohio 45242
Tel: 513/257-1895                     Tel.: 513/312-9890
chris@cwiestlaw.com                   tbruns@bcvalaw.com


Aaron Siri                            Zachary Gottesman (OH 0058675)
Elizabeth A. Brehm                    9200 Montgomery Road, Bldg E, Ste. 18B
Wendy Cox                             Cincinnati, OH 45242
SIRI & GLIMSTAD LLP                   Tel: 513/651-2121
745 Fifth Avenue, Suite 500          zg@zgottesmanlaw.com
New York, NY 10151
Tel: 888/747-4529
aaron@sirillp.com
ebrehm@sirillp.com
wcox@sirillp.com


*Attorneys for Plaintiffs/Appellants*

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the foregoing upon Counsel for Defendants/Appellees, this 24 day of October 2024, by filing same with the Court via its CM/ECF system, and by electronic mail upon Counsel for Defendants/Appellees, which will provide notice to all parties Counsel.

*/s/ Christopher Wiest*

**CERTIFICATE OF COMPLIANCE**

As required by Fed. R. App. P. 32(g) and 6th Cir. R. 32(a), I certify that this Appellant's Reply Brief contains 6,493 words. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

*/s/ Christopher Wiest*